IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

LISA CASTELLON,

      Plaintiff,

vs.

CITY OF POMPANO BEACH,
a municipal corporation,

                                              **Jury Trial Demanded**

      Defendant.
_____/

## COMPLAINT

The Plaintiff, Lisa Castellon, by her undersigned attorney, makes the following complaint against the Defendant, City of Pompano Beach:

1.     The Plaintiff brings this action pursuant to the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d), to redress discrimination in pay for equal work on the basis of sex and retaliation for engaging in conduct protected by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3).

### Jurisdiction and Venue

2.     This court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.     The claims asserted in this action arose within this district and the alleged statutory violations occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391.

**Parties**

4.      The Plaintiff, Lisa Castellon, was at all times relevant to this complaint an adult resident of the State of Florida.

5.      The Defendant, City of Pompano Beach, is a municipal corporation and political subdivision of the State of Florida located in Broward County, Florida.

**Statutory Coverage**

6.      As a political subdivision of Florida, the Defendant is a "public agency" as that term is defined in 29 U.S.C. § 203(x).

7.      As a political subdivision of Florida, the Defendant is an "enterprise" as that term is defined in 29 U.S.C. § 203(r)(2)(C).

8.      As a political subdivision of Florida, the Defendant is an "enterprise engaged in commerce" as that term is defined in 29 U.S.C. § 203(s)(1)(C).

9.      At all times relevant to this complaint, the Defendant was an "employer" as that term is defined in 29 U.S.C. § 203(d).

**Factual Allegations**

10.      The Plaintiff is a female.

11.      The Defendant hired and employed the Plaintiff as an Engineering Projects Manager II. The Plaintiff's employment commenced on or about May 14, 2020.

12.      The Defendant paid the Plaintiff an hourly rate for her work.

13.      The Defendant hired a male for the position of Engineering Projects Manager II in the same month that the Plaintiff was hired.

14.      The hourly rate of pay at which the Defendant hired the male employee was substantially higher than the hourly rate of pay at which the Defendant hired the Plaintiff.

15.     The Plaintiff and the male employee performed engineering job duties that required equal skill, effort, and responsibility. The Plaintiff's working conditions were similar to or more arduous than the male employee's working conditions.

16.     The Plaintiff had relevant work experience (including decades of experience as a government employee managing complex engineering projects) that the male employee lacked. The Plaintiff also had education, training, and relevant certifications that were equal or superior to those of the male employee. Unlike the male employee, the Plaintiff had Mechanical-Electrical-Plumbing (MEP) and HVAC skills.

17.     In addition to the disparate pay described above, the Defendant paid the Plaintiff a lower hourly rate than it paid to other male employees who worked in positions requiring equal skill, effort, and responsibility, and which are performed under similar working conditions, including but not limited to employees working as an Engineering Projects Manager I and Engineering Projects Manager II, notwithstanding that the Plaintiff's qualifications, credentials, and experience were equal or superior to the male employees. For example, the Plaintiff has a job-relevant OSHA 40 certification that higher paid male employees in comparable positions lack. In the case of each male employee who perform comparable work, the Plaintiff's starting hourly rate was less than the starting hourly rate of male employees who were hired before her. In addition, the Plaintiff's job duties include climbing, lifting, and other tasks that are more physically demanding and dangerous than the duties performed by the male employees.

18.     The Plaintiff also provided technical assistance and expert witness services to the City Attorney which were not part of her job description and that male employees were not required to provide. Those services increased her value to the Defendant above that of male employees in similar positions, but she was still paid less than the male employees.

19.     While some male employees in comparable positions have professional engineering certifications, others do not. A professional engineering certification is not required for the job and the certification or lack of certification does not affect the rate of pay that male employees receive for comparable work.

20.     The Defendant's sex bias against women in professional engineering roles is evidenced by disparate pay and by the Defendant's practice of assigning the performance of gender-conforming administrative and secretarial duties (including data entry and invoicing) to the Plaintiff but not to male engineers.

21.     The Defendant paid the Plaintiff a lower hourly rate than it paid male employees performing the same or substantially equal work because of her sex.

22.     The Plaintiff suffered financial harm in the form of unpaid wages by being paid less than male employees for substantially equal work.

23.     The failure to give the Plaintiff equal pay at the time of her hiring has resulted in a continuing failure to give the Plaintiff equal pay through the present date of her employment and will continue to result in unequal pay throughout her employment, as the Defendant has never taken action to equalize the hourly wage paid to the Plaintiff and to male employees who perform the same work under the same conditions.

24.     In or about June 2022, the Plaintiff complained to her employer that she was not being paid the same compensation that the Defendant paid to male employees who worked in the same or substantially equal positions.

25.     Immediately after the Plaintiff made that complaint and in the months that followed, continuing to the present, the Defendant took adverse actions against the Plaintiff because she complained about discriminatory pay, including but not limited to:

a.      subjecting the Plaintiff to harsh, unfair, unwarranted, and publicly embarrassing critiques of her work, notwithstanding that her work evaluations prior to her complaint were positive;

b.      burdening the Plaintiff with extra "make work" that was not assigned to male co-workers in an obvious attempt to make her work performance suffer;

c.      assigning important or prestigious projects to her co-workers while minimizing the Plaintiff's involvement in those projects;

d.      ignoring the Plaintiff's input into projects that require skill in HVAC/mechanical engineering despite the fact that Plaintiff has more training and experience in those areas than her male co-workers;

e.      subjecting the Plaintiff to greater work scrutiny than her male co-workers receive and requiring the Plaintiff to produce time-consuming summaries of her work performance that male co-workers are not required to produce;

f.      refusing to provide the Plaintiff with necessary information and data that she needed to perform her job (including but not limited to data that she needed to prepare spreadsheets) and then complaining about the results of work that the Plaintiff was forced to prepare with incomplete data;

g.      responding to the Plaintiff's statements at staff meetings with sarcasm, scorn, and unprofessional comments; and

h.      telling the Plaintiff she should look for another job despite previously advising the Plaintiff that she would have continued employment after completion of the GO Bond project.

26.     The adverse actions described above have caused the Plaintiff to fear that her opportunity for professional advancement has been impaired and has otherwise caused emotional distress, humiliation, and anxiety.

### First Claim: Violation of Equal Pay Act (29 U.S.C. § 206(d))

27.     The Plaintiff realleges and incorporates paragraphs 1 to 23 of this complaint.

28.     The Defendant discriminated against the Plaintiff on the basis of sex by paying the Plaintiff a lower hourly wage than it paid employees of the opposite sex for

substantially equal work on jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions.

29.     The Defendant's discrimination against the Plaintiff caused financial harm to the Plaintiff in the form of unpaid wages.

30.     The Plaintiff is entitled to an additional amount equal to her unpaid wages as liquidated damages pursuant to 29 U.S.C. § 216(d).

31.     The Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(d).

### Second Claim: Unlawful Retaliation (29 U.S.C. § 215(a)(3))

32.     The Plaintiff realleges and incorporates paragraphs 1 to 26 of this complaint.

33.     The Plaintiff engaged in activity protected by the FLSA (29 U.S.C. § 215(a)(3)) by opposing the Defendant's failure to pay a female employee the same wages that were paid to male employees for the same work.

34.     The Defendant took adverse actions against the Plaintiff after she engaged in the protected activity described above.

35.     The Defendant took adverse actions against the Plaintiff because she engaged in protected activity.

36.     The adverse actions harmed the Plaintiff by causing the Plaintiff to fear that her opportunity for professional advancement has been impaired and by causing emotional distress, humiliation, and anxiety.

### Demand for Relief

WHEREFORE, Plaintiff requests judgment against Defendant for:

### As to the first claim

a.      unpaid wages, including the difference between the wages paid to the Plaintiff and to male employees performing substantially similar work, from the date of her hiring to the present;

b.      liquidated damages equal to the sum of the unpaid wages requested above;

c.      equitable relief, including but not limited to an injunction against paying a lower hourly wage to Plaintiff than the Defendant pays to male employees performing substantially similar work;

As to the second claim

d.      an award of compensatory damages;

e.      such equitable relief, including injunctive relief against continuing retaliation, as may be appropriate;

As to both claims

f.      an award of reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 216(b); and

g.      such further relief as is just.

**The Plaintiff demands a trial by jury.**

Dated: August 3, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*